## Deary *v.* Harris, Appellant.

*Negligence—Automobiles—Pedestrian—Contributory negligence.*

1. A pedestrian cannot be held guilty of contributory negligence as a matter of law, where, in crossing a street at a usual crossing, he stops at a point where there is no apparent danger to permit two automobiles to pass him, when defendant's automobile suddenly appears from behind one of the cars and endeavors to get by it by passing on the portion of the street where plaintiff is standing.

Argued December 1, 1924. Appeal, No. 125, Jan. T., 1925, by defendant, from judgment of C. P. No. 1, Phila. Co., March T., 1923, No. 3846, on verdict for plaintiff, in case of Martin J. Deary v. James Harris. Before MOSCH-ZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before MCDEVITT, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $3,500. Defendant appealed.

*Error assigned* was, inter alia, refusal of defendant's motion for judgment n. o. v., quoting record.

*Ward C. Henry,* with him *C. William Freed,* for appellant.—There was evidence of contributory negligence on part of plaintiff: Lorah v. Rinehart, 243 Pa. 231; Arnold v. McKelvey, 253 Pa. 324; Carroll v. R. R., 12 W. N. C. 348; Dugan v. Lyon, 41 Pa. Superior Ct. 52.

*George J. Edwards, Jr.,* with him *Ralph S. Croskey,* for appellee.—Plaintiff was not guilty of contributory negligence: Virgilio v. Walker, 254 Pa. 241; Watts v. Boro., 255 Pa. 185; Anderson v. Wood, 264 Pa. 98; King v. Brillhart, 271 Pa. 301; LeVan v. McLean, 276 Pa. 361; Serfas v. R. R., 270 Pa. 306; Hanley v. Bakey, 77 Pa. Superior Ct. 36; Lewis v. Wood, 247 Pa. 545.

OPINION BY MR. JUSTICE FRAZER, January 5, 1925:

Plaintiff was struck by defendant's automobile while in the act of crossing Erie Avenue, in the City of Philadelphia, at a point where it forms an angle with Sedgley Avenue, and sued to recover for injuries sustained. The trial resulted in a verdict in plaintiff's favor, and from the judgment entered thereon defendant appealed. The sole question before us is whether plaintiff was guilty of contributory negligence to such extent as to require the trial judge to give binding instructions in favor of defendant or which now justifies the entry of judgment non obstante veredicto.

Erie Avenue runs east and west and Sedgley Avenue branches off from the southern side, beginning a distance of eighty feet west of Second Street, and extends in a southwestern direction. A double track street car line is operated on Erie Avenue, and 150 feet from the west side of Second Street a steam railroad track crosses the former avenue. Plaintiff and his son were walking westward from Second Street on the north side of Erie Avenue, and before reaching the railroad tracks started

to cross to the southern side of the latter avenue, intending to proceed southwest along Sedgley Avenue. They looked back and saw an automobile in the act of crossing Second Street driving in the car track. They walked to the track and stopped to permit the car to pass beyond them. In the meantime a second automobile approached on the north side of the street and passed between plaintiff and the curb. At the same time a third automobile, driven by defendant, suddenly appeared from behind the second car and endeavored to get by the latter by passing between the two cars on the portion of the street where plaintiff was standing waiting for the first automobile to pass by him. The street is paved with asphalt and is without separate walks of any kind for use by pedestrians; the trolley cars, however, stop at this point and it is the place generally used by pedestrians desiring to cross Erie Avenue and pass down Sedgley Avenue. Under these facts, plaintiff cannot be held negligent as a matter of law. He stopped in a place of safety while the cars were passing and the accident would not have occurred except for the negligence of defendant in driving his automobile without regard to the safety of persons entitled to use the highway. Plaintiff was in no danger from the only vehicle apparently in position to create danger, and having observed conditions he was justified in attempting to cross the avenue and was not bound to anticipate that vehicles approaching in the rear of other vehicles would attempt to pass cars in front of them, and carelessly run him down.

The judgment is affirmed.